WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Javon Tamar Williams,<br><br>             Plaintiff,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>             Defendants. | No. CV 13-2306-PHX-RCB (MHB)<br><br>**O R D E R** |

On November 12, 2013, Plaintiff Javon Tamar Williams, who was confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint and an Application to Proceed *In Forma Pauperis* (Doc. 2). That same day, the Clerk of Court issued a Notice of Assignment that informed Plaintiff of his obligation to promptly notify the Court of any change of address. On November 22, 2013, the Notice of Assignment was returned to the Court as undeliverable and with a notation that Plaintiff was no longer in custody. On December 20, 2013, Plaintiff visited the Court and attempted to submit documents to the Court that he did not want made available to others. Plaintiff was given instructions for filing a document under seal and he filed a Motion to Seal Exhibit (Doc. 6). Plaintiff was asked for his current address since the Notice of Assignment had been returned as undeliverable. Plaintiff did not provide a current address and he was given a change of address form. Plaintiff has yet to submit a notice of change of address.

Rule 83.3(d) of the Local Rules of Civil Procedure requires an unrepresented party who is incarcerated to file a notice of change of address within seven days after the effective date of the change. Further, Plaintiff was informed in the instructions accompanying the form complaint, which he included with his Complaint, that he must immediately inform the Clerk of Court of a change of address or face possible dismissal. Plaintiff has not complied with these requirements.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court informed of his current address and to comply with the Court's orders in a timely fashion. The Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of

these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip through the United States mail."  *Carey*, 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS ORDERED:**

(1)   The Complaint (Doc. 1) and this action are **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of Court must enter judgment accordingly.

. . .

. . . .

. . . .

. . . .

1    (2)    The Application to Proceed *In Forma Pauperis* (Doc. 2) and the Motion to Seal Exhibit (Doc. 6) are **denied as moot.**

DATED this 13th day of January, 2014.

_____
Robert C. Broomfield
Senior United States District Judge