WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Javon Tamar Williams,<br><br>             Plaintiff,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>             Defendants. | No.  CV 13-2306-PHX-RCB (MHB)<br><br>**O R D E R** |

      On November 12, 2013, Plaintiff Javon Tamar Williams, who was confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint and an Application to Proceed *In Forma Pauperis*.  Plaintiff named as Defendants the State of Arizona, the United States Department of Treasury, the Securities and Exchange Commission and NATO.

      On November 22, 2013, the Court's Notice of Assignment was returned to the Court as undeliverable and with a notation that Plaintiff was no longer in custody. Plaintiff did not file a notice of change of address, contrary to the instructions on the Court's prisoner complaint form, which state that a plaintiff must immediately notify the Court and the defendants in writing of any change in mailing address or the case may be dismissed.  In an Order dated January 13, 2014, the Court dismissed the Complaint without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and the Clerk of Court entered Judgment that same day.[1]

---

[1] On January 16, 2014, after the Court dismissed his case and entered Judgment,

1       On January 17, 2014, Plaintiff filed a Motion to Re-Open Case, which he amended on January 21, 2014 (Doc. 14).[2] Plaintiff has filed numerous Motions and exhibits since January 21, 2014, many of which are incomprehensible, including: a "Motion to Produce Royalty Mathematical Ebonics UPC Barcode 0700112804304" (Doc. 21); another Motion to Re-Open Case Number 2:2013CV02306-PHX-RCB-MHB (Doc. 22); a "Motion to Warrant Claim of OMB Control Number to Derivative World Bank" (Doc. 24); a "Motion to Pay a Commodity Amount to the World Bank for the Forecast of Budget For Danielson Publ[is]hing 38-3687154 Ethanol Corn" (Doc. 27); a "Motion to Pay a Commodity Amount to the World Bank for the Forecast of Budget for Danielson Publ[is]hing 38-3687143 Titanium" (Doc. 28); a "Motion to Pay a Commodity Amount to the World Bank for the Forecast of Budget for Danielson Publ[is]hing 38-3687154 Gold" (Doc. 29); a "Motion to Pay a Commodity Amount to the World Bank for the Forecast of Budget for Danielson Publ[is]hing 38-3687154 Lumber" (Doc. 30); a "Motion to Grant Naval Motorcycle and Fleet Vessel Program Under Compliance with Federal Regulations of the New Start Program : Business Section as Propr[ie]tor Ship in the 502 Fund. [infrastructure]" (Doc. 35); a "Motion to Subrogate Ham Radio Line – as Lifeline Through a FCC Registration Number" (Doc. 36); a "Motion to Card General Ledger Line Line [sic] of Credit to USDOTNE" (Doc. 37); a "Motion to Relief [Indigent]: To Proceed with Aid Federal Bond Program to Claim Loss of Property in Accordance with Tax & Probate Code 3-916 to Credit Work Tax" (Doc. 41); a "Motion to Re-Open Court Arbitration Proceeding" (Doc. 42); a "Motion ORDER physician to Scientific Progress NOTE" (Doc. 43); a "Motion to Audit Possible Liquid Asset Value of Real Estate Trust Holder" (Doc. 44); a "Motion to Introduce: Police Report" (Doc. 46); a

---

Plaintiff filed a Notice of Change of Address. On January 22, 2014, the Clerk of Court re-mailed the Court's January 13, 2014 Order and Judgment to the new mailing address provided by Plaintiff, and the documents were returned to the Court on January 27, 2014 as "unable to forward."

[2] Plaintiff's Motion to Re-Open Case and Amended Motion were filed under seal because Plaintiff included what appeared to be a social security number. The portions of the Amended Motion quoted herein have redacted the apparent social security number.

"Motion to Order to IANA for Scientific sequence Identification Code for Section (K) Docket # 010111 All Vaginal Porn Terms and Agreement". (Doc. 47); a "Motion for Judgement [sic] for Relief to Proceed" (Doc. 48); "Motion to Warran[]t Claim for OMB Control Number to Derivative World Bank" (Doc. 49); and a "Motion to Subrogate Communication Subrogate [Ham Radio Line]" (Doc. 50).

The Court will deny the Motion to Re-Open and all other motions, to the extent any relief is requested in them.

## I. Amended Motion to Re-Open

Plaintiff states the following in his Amended Motion to Re-Open:

> On or about November 10, 2013 the case was filed in the U.S. District Court in this matter[.]  Mr. Williams was subsequently re-arrested on November 19, 2013 for frivolous violation and released on December 15, 2013 where parole is not terminated Duress has included an Identity issue of non-issuance due to a non-birth state right being infringed on and all monies interference to this matter being stopped for that issue alone then a police harassment note in the [P]hoenix Police department over an issue of police profiling has been noted.  With food and accommodation needs not being satisfied under bank infrastructure and the Sheriff having a part in the property destruction of identification on now two separate occasions and a consistent interruption of a rfid known as Brainwave of [redacted apparent social security numbers] which can be backed scientifically I have had a difficult time in self-representation coupled with the entire community sharing profile with me due to the entertainment industry and the Plaintiff Javon Tamar Williams being Principal for a Public announcement Company known as Danielson Publishing these interruptions have given the people an advanced view point on a subject the Commander-in-Chief has stated in previous public announcement as "NO LEAKS".  I have also tried to Subrogate the initial vehicle for the courts to have a balance view on the liability of the Agency and the Original vehicle owner with the Intelligence Quotient of 164 being used "at will" of the social community causing it to according to definition of Webster's dictionary influencing a nation, age place time or era to a variable.  This further backs the Motion to Seal and give a valid point to all the points of authority initially assigned by Power of Attorney initially put into action as a protection order and as agent of this order Officer of a Peace of a social community in itself.

Plaintiff concludes: "For good case [sic] with regard to the courts Javon Tamar Williams the Petitioner that the courts re-open this case so that all subpoena and

1  summons and complaints can be utilized properly for a fair trial and Justice can be served
2  for the Plaintiff and/or Defendant in this case."

3  Plaintiff's Amended Motion to Re-Open is denied.  Plaintiff has not presented any
4  discernible or cognizable basis for reopening this case.  Moreover, if the Court were
5  inclined to reopen this case, which it is not, Plaintiff would need to pay the $350.00 filing
6  fee or show cause why he could not pay.  That is because a plaintiff who brings a civil
7  action while a prisoner is required to pay the full amount of the filing fee even if he is
8  subsequently released.  *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)
9  ("Under the [Prison Litigation Reform Act], all prisoners who file [*in forma pauperis*]
10 civil actions must pay the full amount of the filing fee.") (citing 28 U.S.C. § 1915(b)(1)).

11 Further, if the Court did reopen this case, Plaintiff's Complaint would be
12 dismissed without leave to amend because it is frivolous.  For example, the allegations in
13 in Count I begin: "The right to have juris [sic] in a separate but equal holding community
14 of the same accomplished value throug[h] work effort under Title 14 where said plaintiff
15 has confidential information as fiduciary to no breach maritime law to another holding
16 facility under Bank Infrastructure Residence Washington D.C. (TX form copyright
17 September 2000)[.]"  Plaintiff alleges that he has been injured by "power of authority
18 used against oneself instead of in behalf of a beneficial kinetic energy (force)
19 [indiscernible] as state union of highest capacity (base) of a pent."  For relief, Plaintiff
20 seeks "judge signature, notary and order to produce 100,000 surety bond and open
21 investigation as associated fee for all justice in lieu of document delivery for all possible
22 law enforcement expense en route to United States Department of Treasury Washington,
23 District of Columbia as domain with adequate proper surveillance visual: land, sea, air
24 with the Corporation of America sublet numerical sequence 38-2687154 Danielson
25 Publishing (est. 2003) capabilities to control point of origin that exists in three
26 dimensional form all associated I-9, Nameline: Javan/Javon Tamar Williams
27 DANIELSON PUBLISHING and THE 911 LLP as agent(s) Corporation of America."
28 This is not a cognizable request for relief.

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the Court is required to dismiss a complaint filed by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319 (1989); *Jackson v. State of Arizona*, 885 F.2d 639 (9th Cir. 1989).  But a court may not dismiss a complaint simply because the court finds plaintiff's allegations unlikely. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (to justify dismissal as factually frivolous, allegations must rise to the level of "fanciful," "fantastic" and "delusional").  A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably without merit.  *Neitzke*, 490 U.S. at 327-28.  The Court finds that Plaintiff's allegations are delusional, fanciful, irrational, and wholly incredible and lack any arguable basis in law or fact.  Thus, his Complaint would be dismissed if this case were reopened.

**IT IS ORDERED:**

(1) Plaintiff's Amended Motion to Re-Open Case (Doc. 14) is **denied.**

(2) To the extent any relief is requested therein, the following motions are **denied**: "Motion to Produce Royalty Mathematical Ebonics UPC Barcode 0700112804304" (Doc. 21); Motion to Re-Open Case Number 2:2013CV02306-PHX-RCB-MHB (Doc. 22); "Motion to Warrant Claim of OMB Control Number to Derivative World Bank" (Doc. 24); "Motion to Pay a Commodity Amount to the World Bank for the Forecast of Budget For Danielson Publ[is]hing 38-3687154 Ethanol Corn" (Doc. 27); "Motion to Pay a Commodity Amount to the World Bank for the Forecast of Budget for Danielson Publ[is]hing 38-3687143 Titanium" (Doc. 28); "Motion to Pay a Commodity Amount to the World Bank for the Forecast of Budget for Danielson Publ[is]hing 38-3687154 Gold" (Doc. 29); "Motion to Pay a Commodity Amount to the World Bank for the Forecast of Budget for Danielson Publ[is]hing 38-3687154 Lumber" (Doc. 30);

1  "Motion to Grant Naval Motorcycle and Fleet Vessel Program Under Compliance with
2  Federal Regulations of the New Start Program : Business Section as Propr[ie]tor Ship in
3  the 502 Fund. [infrastructure]" (Doc. 35); "Motion to Subrogate Ham Radio Line – as
4  Lifeline Through a FCC Registration Number" (Doc. 36); "Motion to Card General
5  Ledger Line Line of Credit to USDOTNE" (Doc. 37); "Motion to Relief [Indigent]: To
6  Proceed with Aid Federal Bond Program to Claim Loss of Property in Accordance with
7  Tax & Probate Code 3-916 to Credit Work Tax" (Doc. 41); "Motion to Re-Open Court
8  Arbitration Proceeding" (Doc. 42); "Motion ORDER physician to Scientific Progress
9  NOTE" (Doc. 43); "Motion to Audit Possible Liquid Asset Value of Real Estate Trust
10 Holder" (Doc. 44); "Motion to Introduce: Police Report" (Doc. 46); "Motion to Order to
11 IANA for Scientific Sequence Identification Code for Section (K) Docket # 010111 All
12 Vaginal Porn Terms and Agreement". (Doc. 47); "Motion for Judgement [sic] for Relief
13 to Proceed" (Doc. 48); "Motion to Warran[]t Claim for OMB Control Number to
14 Derivative World Bank" (Doc. 49); and "Motion to Subrogate Communication Subrogate
15 [Ham Radio Line]" (Doc. 50).

16        (3)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.
17 § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of
18 this decision would not be taken in good faith.

19        DATED this 24th day of February, 2014.

_____
Robert C. Broomfield
Senior United States District Judge